1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

WILLIAM CECIL THORNTON,
CDCR #V-64547,

12

Plaintiff,

13

vs.

15

16
17

MATTHEW CATE, et al.,

18

19

Defendants.

20

21

Civil No.    10-1585 JLS (PCL)

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2];**

**(2)  DENYING MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) [Doc. No. 5]; AND**

**(3)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

22

23      Plaintiff, William Cecil Thornton, a state prisoner currently incarcerated at the California

24   Correctional Institution located in Tehachapi, California and proceeding pro se, has filed a civil

25   rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that his constitutional rights were

26   violated when he was housed at the Richard J. Donovan Correctional Facility ("RJD") in 2008.

27   (*See* Compl. at 1.)

28   / / /

1    Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead

2 he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)

3 [Doc. No. 2], as well as a Motion for Appointment of Counsel [Doc. No. 5].

## I.

### MOTION TO PROCEED IFP [DOC. NO. 2]

6    All parties instituting any civil action, suit or proceeding in a district court of the United

7 States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

8 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only

9 if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

10 *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however,

11 remain obligated to pay the entire fee in installments, regardless of whether the action is

12 ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

13    Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

14 prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

15 statement (or institutional equivalent) for the prisoner for the six-month period immediately

16 preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  From the certified trust account

17 statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

18 in the account for the past six months, or (b) the average monthly balance in the account for the

19 past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C.

20 § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  That institution having custody of the prisoner must

21 collect subsequent payments, assessed at 20% of the preceding month's income, in any month

22 in which the prisoner's account exceeds $10, and forward those payments to the Court until the

23 entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

24    The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

25 § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

26 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that

27 he has a current balance of zero and therefore insufficient funds from which to pay filing fees

28 at this time.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be

1 prohibited from bringing a civil action or appealing a civil action or criminal judgment for the

2 reason that the prisoner has no assets and no means by which to pay the initial partial filing

3 fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve"

4 preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack

5 of funds available to him when payment is ordered.").

6       Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and

7 assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350

8 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court

9 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

10                                        **II.**

11             **MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 5]**

12       Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil

13 action.  The Constitution provides no right to appointment of counsel in a civil case, however,

14 unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v.*

15 *Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1),

16 district courts are granted discretion to appoint counsel for indigent persons. This discretion may

17 be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017

18 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the

19 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se

20 in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and

21 both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,

22 789 F.2d 1328, 1331 (9th Cir. 1986)).

23       The Court denies Plaintiff's request without prejudice because, for the reasons set out

24 below, neither the interests of justice nor exceptional circumstances warrant appointment of

25 counsel at this time.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at

26 1017.

27 / / /

28 / / /

# III.

## SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A

### A.      Standard

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).   Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130.   An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, / / /

1  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*

2  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

3  ### B.    Eighth Amendment claims

4  Plaintiff alleges that Defendant Picatoste, a nurse at RJD, "refused to give me medical

5  care and gave me a CDCR 115 rule violation because of my prior complaints of my medical

6  condition." (Compl. at 4.)  "The unnecessary and wanton infliction of pain upon incarcerated

7  individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v.*

8  *Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059

9  (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are

10  deliberately indifferent to a prisoner's medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S.

11  97, 105 (1976).

12  To allege an Eighth Amendment violation, a prisoner must "satisfy both the objective and

13  subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)

14  (citation omitted).   First, he must allege that prison officials deprived him of the "minimal

15  civilized measure of life's necessities." *Id.* (citation omitted).  Second, he must allege the prison

16  official "acted with deliberate indifference in doing so."  *Id.* (citation and internal quotation

17  marks omitted).

18  A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of

19  and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe,*

20  *Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted).

21  Under this standard, the official must be alleged to "be aware of facts from which the inference

22  could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to

23  also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison

24  official] should have been aware of the risk, but was not, then the [official] has not violated the

25  Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation

26  omitted).  This "subjective approach" focuses only "on what a defendant's mental attitude

27  actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical

28  / / /

condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Here, Plaintiff fails to describe with any specificity the nature of his alleged serious medical need.  Thus, there are no facts from which this Court could find that Plaintiff has a serious medical need.  Moreover, Plaintiff fails to describe with any specificity whether he suffered any harm as a result of the alleged deliberate indifference.  If Plaintiff is attempting to allege that there was a delay in treatment, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of the Defendants alleged delay in providing treatment.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.")  Plaintiff has failed to allege any facts from which the Court could find that Defendants acted with deliberate indifference to his serious medical needs.

### C.    Respondeat Superior

Plaintiff also names RJD Warden Neotti, former Warden Hernandez, and the Secretary of the CDCR, Matthew Cate, as Defendants in this matter; but Plaintiff fails to set forth any factual allegations with regard to these Defendants in the body of his Complaint.  Thus, without more, it appears Plaintiff seeks to hold these Defendants liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).   Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show:  (1) how or to what

1 extent they personally participated in or directed a subordinate's actions, and (2) in either acting

2 or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's

3 constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded,

4 Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an

5 individualized constitutional claim against Defendants Cate, Hernandez or Neotti.

6 **D.      Fourteenth Amendment claim**

7 Plaintiff also claims that the actions of Defendant Picatoste caused his release date to be

8 delayed by several weeks. (*See* Compl. at 5.) However, Plaintiff cannot bring these claims

9 under § 1983. A prisoner simply may not use a civil rights action to challenge the "fact or

10 duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner

11 must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)

12 (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's civil action "is barred (absent prior

13 invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of

14 his suit (state conduct leading to conviction or internal prison proceedings)–if success in that

15 action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 82.

16 Accordingly, the Court must DISMISS Plaintiff's Complaint for all the reasons set forth

17 above but will provide Plaintiff with the opportunity to amend his Complaint to correct the

18 deficiencies of pleading identified by the Court.

19 **IV.**

20 **CONCLUSION AND ORDER**

21 Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

22 1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]

23 is **GRANTED**; and his Motion for Appointment of Counsel [Doc. No. 5] is **DENIED.**

24 2.      The Secretary of the California Department of Corrections and Rehabilitation, or

25 his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the

26 filing fee owed in this case by collecting monthly payments from the trust account in an amount

27 equal to twenty percent (20%) of the preceding month's income credited to the account and

28 forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in

1    accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY

2    IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3           3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

4    Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,

5    Sacramento, California, 94283-0001.

6           **IT IS FURTHER ORDERED** that:

7           4.      Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

8    upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

9    However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in

10   which to file a First Amended Complaint which cures all the deficiencies of pleading noted

11   above.  Plaintiff's Amended Complaint must be complete in itself without reference to his

12   previous pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-

13   alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,

14   567 (9th Cir. 1987).

15          5.      The Clerk of Court is directed to mail a court approved form § 1983 complaint to

16   Plaintiff.

17          **IT IS SO ORDERED.**

18

19   DATED:  September 16, 2010

20                                                      _Janis L. Sammartino_
                                                        Honorable Janis L. Sammartino
                                                        United States District Judge
21

22

23

24

25

26

27

28