# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CECIL THORNTON, CDCR #V-64547,<br><br>                                   Plaintiff,<br><br>                   vs.<br><br>MATTHEW CATE, et al.,<br><br>                                   Defendants. | Civil No.     10-1585 JLS (PCL)<br><br>**ORDER  SUA SPONTE DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On July 27, 2010, Plaintiff, William Cecil Thornton, a state prisoner currently incarcerated at the California Correctional Institution located in Tehachapi, California and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleged that his constitutional rights were violated when he was housed at the Richard J. Donovan Correctional Facility ("RJD") in 2008.  (*See* Compl. at 1.)

Plaintiff did not prepay the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], as well as a Motion for Appointment of Counsel [ECF No. 5].  On September 16, 2010, the Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion for Appointment

1    of Counsel and dismissed his Complaint for failing to state a claim upon which relief could be

2    granted. *See* Sept. 16, 2010 Order at 7-8. Plaintiff was granted leave to file an Amended

3    Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* Plaintiff

4    filed his First Amended Complaint ("FAC") on November 5, 2010. In his FAC, Plaintiff no

5    longer named Matthew Cate, Richard Hernandez or George Neotti as Defendants. Thus, those

6    Defendants were dismissed from this action. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

7    1987).

8        The Court, once again, dismissed Plaintiff's First Amended Complaint for failing to state

9    a claim upon which relief could be granted. *See* Feb. 23, 2011 Order at 6. Plaintiff was granted

10   leave to file to a Second Amended Complaint in order to correct the deficiencies of pleading

11   identified in the Court's Order. *Id.* On June 10, 2011, Plaintiff filed his Second Amended

12   Complaint ("SAC").

13                                    **II.**

14        **SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) AND § 1915A**

15   **A.    Standard**

16       As stated in the Court's previous Orders, the Prison Litigation Reform Act ("PLRA")

17   obligates the Court to review complaints filed by all persons proceeding IFP and by those, like

18   Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or

19   adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

20   probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

21   *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte

22   dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails

23   to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §

24   1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

25   (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

26   / / /

27   / / /

28   / / /

1
2
3
4
5
6
7
8
9

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

10
11
12
13
14
15
16

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

17

**B.    Eighth Amendment claims**

18
19
20
21

Plaintiff alleges that Defendant Picatoste, a nurse at RJD, examined him on May 28, 2008 regarding his lower back issues. (*See* SAC at 3.) Plaintiff claims that Defendant Picatoste refused to allow him to be examined by a medical doctor and as a result he has "atrophy in my left leg and nerve damage in my leg and back." (*Id.*)

22
23
24
25
26

"The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eighth Amendment." *Toguchi v. Chung*, 391 F.3d 1051, 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

27
/ / /

28
/ / /

To allege an Eighth Amendment violation, a prisoner must "satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, he must allege that prison officials deprived him of the "minimal civilized measure of life's necessities." *Id.* (citation omitted). Second, he must allege the prison official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation marks omitted).

A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted). Under this standard, the official must be alleged to "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*, 974 F.2d at 1059 (alteration and citation omitted).

Plaintiff claims that he had only one medical examination by Defendant Picatoste but her actions in not allowing him to be seen by a medical doctor caused him to have nerve damage and "atrophy" in his leg. (*See* SAC at 3.) Plaintiff claims that these actions caused a three year delay in finding treatment for his condition. However, documents attached to his Second Amended Complaint, along with a Petition for Writ of Habeas Corpus[1] Plaintiff has filed, indicate that Plaintiff was actually paroled and released from RJD on June 29, 2008. This is only one month after the medical examination by Defendant Picatoste. Accordingly, it is simply not plausible

---

[1] Plaintiff has filed a Petition for Writ of Habeas Corpus in *Thornton v. Stainer*, S.D. Cal. Civil Case No. 11cv1266 LAB (BLM). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

1    that her alleged failure to allow Plaintiff to be seen by a medical doctor on May 28, 2008 caused

2    a three year delay in finding additional treatment.  A "claim has facial plausibility when the

3    plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4    defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,

5    1949 (2009).

6              In addition, the facts as described by Plaintiff indicate a difference of opinion with regard

7    to his medical needs.  However,  mere "difference of medical opinion" between a prisoner and

8    his physicians concerning the appropriate course of treatment is "insufficient, as a matter of law,

9    to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

10   Instead, to allege deliberate indifference regarding choices between alternative courses of

11   treatment, a prisoner must allege that the chosen course of treatment "was medically

12   unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive

13   risk to [the prisoner's] health." *Id.*  (citation omitted).  Plaintiff has failed to allege any facts

14   from which the Court could find that Defendants acted with deliberate indifference to his serious

15   medical needs.

16             **C.        Fourteenth Amendment claim**

17             Plaintiff also claims that the actions of Defendants caused his release date to be delayed

18   by several weeks.  However, Plaintiff cannot bring these claims under § 1983.  A prisoner

19   simply may not use a civil rights action to challenge the "fact or duration of his confinement."

20   *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  The prisoner must seek federal habeas corpus

21   relief instead.  *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489).

22   Thus, Plaintiff's civil action "is barred (absent prior invalidation)–no matter the relief sought

23   (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction

24   or internal prison proceedings)–if success in that action would necessarily demonstrate the

25   invalidity of confinement or its duration." *Id.* at 82.  Thus, Plaintiff's claims relating to the

26   validity of his release date are dismissed without leave to amend in this action.

27   / / /

28   / / /

## III.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1)      Plaintiff's Second Amended Complaint [ECF No. 29] is **DISMISSED** with prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b).  Because Plaintiff has been provided two opportunities, but still has failed to sufficiently state a claim, the Court finds further amendment would be futile.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

2)      **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  June 28, 2011

Honorable Janis L. Sammartino
United States District Judge